**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

---

JOSUE RIVERA,

                              Plaintiff,                         5:26-cv-00489 (BKS/MJK)

v.

AT&T SERVICES, INC., AT&T MOBILITY LLC, and
AT&T CORPORATION,

                              Defendants.

---

**Appearances:**

*Plaintiff pro se:*
Josue Rivera
Sackets Harbor, NY 13685

*For Defendants:*
Andrew Bradford Joseph
Faegre Drinker Biddle & Reath LLP
1177 Avenue of the Americas, 43rd Floor
New York, NY 10036

**Hon. Brenda K. Sannes, Chief United States District Judge:**

### ORDER TO SHOW CAUSE

Defendants AT&T Services, Inc., AT&T Mobility LLC, and AT&T Corporation removed this action from New York State Supreme Court, Jefferson County, asserting that this Court has subject-matter jurisdiction over Plaintiff's state law claims under the diversity jurisdiction statute, 28 U.S.C. § 1332, which grants the federal courts jurisdiction over civil actions where the amount in controversy exceeds $75,000 and the suit is between "citizens of different States." 28 U.S.C. § 1332(a)(1); *see also St. Paul Fire & Marine Ins. Co. v. Universal Builders Supply*, 409 F.3d 73, 80 (2d Cir. 2005) (stating that "[i]t is well established that for a

case to fit within [§ 1332], there must be complete diversity" between plaintiffs and defendants (internal quotation marks omitted)). The notice of removal asserts that "the amount in controversy exceeds $75,000 and Rivera and Defendants are citizens of different states." (Dkt. No. 1, ¶ 12). However, the notice of removal fails to sufficiently allege the citizenship of Defendant AT&T Mobility LLC's members. Accordingly, Defendants are directed to show cause why this action should not be dismissed for lack of subject matter jurisdiction.

"[I]n our federal system of limited jurisdiction . . . the court sua sponte, at any stage of the proceedings, may raise the question of whether the court has subject matter jurisdiction." *United Food & Com. Workers Union, Local 919 v. CenterMark Props. Meriden Square, Inc.*, 30 F.3d 298, 301 (2d Cir. 1994) (quoting *Manway Constr. Co. v. Housing Auth. of Harford*, 711 F.2d 501, 503 (2d Cir. 1983)); *see Durant, Nichols, Houston, Hodgson & Cortese-Costa P.C. v. Dupont*, 565 F.3d 56, 62 (2d Cir. 2009) ("'It is a fundamental precept that federal courts are courts of limited jurisdiction' and lack the power to disregard such limits as have been imposed by the Constitution or Congress." (quoting *Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 374 (1978))). A party seeking to remove a case to federal court based on diversity of citizenship has the burden of proving that diversity exists. *See CenterMark*, 30 F.3d at 301 ("Where . . . jurisdiction is asserted by a defendant in a removal petition, it follows that the defendant has the burden of establishing that removal is proper."); *Sherman v. A.J. Pegno Constr. Corp.*, 528 F. Supp. 2d 320, 325 (S.D.N.Y. 2007) (stating that "the party invoking diversity jurisdiction must demonstrate that complete diversity among the parties existed at the time removal was sought to federal court").

"[A] limited liability company . . . takes the citizenship of each of its members." *Bayerische Landesbank, N.Y. Branch v. Aladdin Cap. Mgmt. LLC*, 692 F.3d 42, 49 (2d Cir.

2012); *Cosgrove v. Bartolotta*, 150 F.3d 729, 731 (7th Cir. 1998) (holding that, for purposes of diversity jurisdiction, a limited liability company has the citizenship of its membership); *see also ICON MW, LLC v. Hofmeister*, 950 F. Supp. 2d 544, 546 (S.D.N.Y. 2013) (finding that "complete diversity of parties is lacking because some of the members of [the plaintiff limited liability company] are citizens of Kentucky and [the defendant] is also a citizen of Kentucky").

Here, the notice of removal alleges that Plaintiff is a citizen of New York, (Dkt. No. 1, ¶¶1, 15), but alleges only that Defendant AT&T Mobility LLC is a Delaware limited liability company with its principal place of business in Texas, (*id.* at ¶¶ 3, 16). As the notice of removal does not set forth any allegations as to the citizenship of Defendant AT&T Mobility LLC's members, the allegations are insufficient to show that there is complete diversity of citizenship among the parties. *See, e.g.*, *Long Beach Rd. Holdings, LLC v. Foremost Ins. Co.*, 75 F. Supp. 3d 575, 584 (E.D.N.Y. 2015) (concluding that "diversity of citizenship" was not "a proper basis of subject matter jurisdiction" where the plaintiff limited liability company did "not set forth any allegations with respect to its structure or membership").

Accordingly, it is

**ORDERED** that Defendants shall file a memorandum by April 24, 2026, showing cause why this action should not be dismissed for lack of subject matter jurisdiction; and it is further

**ORDERED** that if Defendants maintain that there is complete diversity between the parties, it shall submit supporting evidence, including affidavits identifying the citizenship of each member of the limited liability company; and it is further

**ORDERED** that the Plaintiff may respond to the removing Defendants' submission, on or before May 8, 2026.

**IT IS SO ORDERED.**

Dated: <u>April 6, 2026</u>
   Syracuse, NY

Brenda K. Sannes
Chief U.S. District Judge